### WILLIAM C. ANGELL *et al. vs.* GILBERTO MONI.

#### JUNE 14, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, Sweeney, JJ.

*(1)   Trusts.   Joint Trustees.   Power to Bind Trust Estate.*

Consent by one of several co-trustees to accept a new tenant and release one in possession of premises belonging to the trust estate, is not binding upon the trust estate.

*(2)   Administrators c. t. a.   Trustees.   Powers.*

Joint administrators *c. t. a.,* had no authority as such to lease real estate of testator, but such authority was vested in them as trustees by reason of the powers conferred in the will.

*(3)   Trusts.   Discretion of Trustees.   Joint Trustees.*

Where several trustees are appointed to administer a trust they form one collective trustee, and any action depending upon the exercise of discretion or judgment requires the joint action of all.   If the act is simply administrative in many instances a single trustee is empowered to act.

ASSUMPSIT.   Heard on exceptions of defendant and overruled.

STEARNS, J.   This is an action of assumpsit to recover for the use and occupation of a certain building in the city of Providence.

On March 9, 1915, one Henry Rosenblatt, owner of the premises, leased the same to the defendant for a period of five years, with the privilege in said lease to said lessee, at the expiration of the first period, to lease the premises for another period of five years at a rental to be fixed by two appraisers to be appointed one by each of the parties.

Henry Rosenblatt died in 1918, and by his will left the premises in question, with certain other real estate, to his

executors with power to sell or lease the realty, in trust however, to distribute the proceeds thereof among certain persons and institutions named in the will. As the executors failed to qualify, the four plaintiffs were appointed administrators *c. t. a.* of the estate and also trustees under the will of said Henry Rosenblatt.

A few days before the expiration of the lease (March 27, 1920) defendant notified plaintiffs that he desired to renew the lease for an additional period of five years under the terms of the original lease, and on April 13, 1920 defendant sent to plaintiffs a check for $145.83 for the rent for that month, this amount being the rental under the first lease. This check, as also a check for a like amount sent in May, was accepted by the plaintiffs on account and with the understanding stated by them that the parties should proceed as speedily as possible to have the rent fixed by appraisers. No rent was paid after June 1st and no appraisers were ever appointed by the parties.

In December, 1920, the plaintiffs, as administrators *c. t. a.* and as trustees under the will, commenced an action of trespass and ejectment against the defendant to oust him from the premises in question. On January 31, 1921, a decision was rendered in said suit in favor of the plaintiffs for possession and costs.

In February, 1921, the present suit was begun to recover for the use and occupation of the premises from June 1, 1920, to January 31, 1921. At the trial evidence was introduced that the rate of rental under the old lease, namely $145.83 per month, was a fair rental value for the premises during the period sued for, and that the total amount due to said plaintiffs was $1,291.71.

The trial justice at the conclusion of the testimony on motion of the plaintiffs directed a verdict in their favor for this amount, and refused on defendant's motion, to direct a verdict in his favor. It is to these two rulings of the trial justice that exceptions are taken by defendant in his bill of exceptions.

The defendant claims that in June, 1920, he had a conversation with Rosenblatt, one of the plaintiffs, and that it was then agreed that the rent should be paid by a Mrs. Schively, who by some agreement with the defendant was then occupying the premises, and that the plaintiffs would no longer look to the defendant for payment of rent; the claim being that a change in the tenancy was thus effected. This conversation is denied by Rosenblatt. It further appears that at once after the conclusion of the suit in trespass and ejectment, and after the present suit was brought, that defendant began proceedings against Mrs. Schively to recover the amount of rent for the period between June and January.

We think there was not sufficient evidence of any agreement on the part of one of the plaintiffs to accept Mrs. Schively as a new tenant in place of the defendant to warrant submitting the question to the jury, but, assuming that there was sufficient evidence, the trial justice was correct in ruling that consent by one of the plaintiffs, a co-trustee, was not binding upon the trust estate.

Except for the provisions in the will, the plaintiffs as administrators had no authority to lease the real estate. The authority to lease the real estate was vested in them as trustees and came into existence by reason of the powers conferred in the will, and not by reason of their appointment as administrators of the estate.

The law is well-settled that where several trustees are appointed to administer a trust they form one collective trustee, and that any action depending on the exercise of discretion or judgment on the part of the trustees requires the joint action of all. If the act is simply administrative, in many instances a single trustee is empowered to act.

In the present case the decision on the matter of the lease is one which required the exercise of judgment and discretion, and the joint action of all the trustees was necessary to take any valid action thereon.

The exceptions of the defendant are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Hinckley, Allen, Tillinghast & Phillips, Chauncey E. Wheeler, Hayward T. Parsons,* for plaintiffs.

*Anthony V. Pettine, Mortimer G. Cummings,* for defendant.